IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEKOU SHERIFF,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL HALE, et al.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 14-4645 |

**ORDER**

**AND NOW**, this 8th day of August 2016, upon consideration of Defendants' Motion for Summary Judgment (Doc. No. 22), and Plaintiff's Response in Opposition (Doc. No. 25), and in accordance with the Opinion of the Court issued this day, it is **ORDERED** as follows:

1. Defendants' Motion for Summary Judgment (Doc. No. 22) is **GRANTED IN PART and DENIED IN PART** as follows:

    a. Defendants' Motion for Summary Judgment on Plaintiff's Fourth Amendment claim for false arrest and/or malicious prosecution is **GRANTED**;

    b. Defendants' Motion for Summary Judgment on Plaintiff's Fourth Amendment claim for use of excessive force is **GRANTED**;

    c. Defendants' Motion for Summary Judgment on Plaintiff's Fourteenth Amendment procedural due process claim for loss of his vehicle following his arrest is **GRANTED**; and

    d. Defendants' Motion for Summary Judgment on Plaintiff's Fourth Amendment claim for illegal search of his vehicle by Officer Hale is **DENIED**.

2. Defendant Colwyn Police Department is dismissed as a Defendant in this case.

3. In light of the above rulings, Defendants' Motion in Limine (Doc. No. 24), to which Plaintiff has not filed a response, is **GRANTED**.[1] Plaintiff is precluded from offering testimony or exhibits at trial that would tend to prove that he was the subject of a civil suit or judgment as a result of the use of his motor vehicle by another person, and that the decedent, Decontee Brown, lied to Officer Hale when claiming that Plaintiff raped her; and presenting any special damages items related to his Fourteenth Amendment procedural due process claim for loss of his vehicle following his arrest.

4. A status hearing will be held on **August 26, 2016 at 10:30 a.m.** in Courtroom 13A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania. Plaintiff and Defense counsel are required to appear.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

[1] Defendants' Motion in Limine (Doc. No. 24) was filed on April 21, 2016. Plaintiff has not filed a response or requested further time to respond. Pursuant to the Scheduling Order in this case, responses to motions in limine were due no later than April 28, 2016. (Doc. No. 19 ¶ 8.) Moreover, Local Rule of Civil Procedure 7.1(c) provides, in relevant part:

> Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56. . . .

The Court has reviewed the Motion in Limine, and concludes that the Motion is meritorious. Therefore, granting the Motion in Limine as uncontested is appropriate.

Additionally, in light of the Court's rulings on the Motion for Summary Judgment, granting the Motion in Limine is appropriate because the evidence that Defendants seek to preclude is not relevant to the remaining claim. See Federal Rules of Evidence Rule 401 (Test for Relevant Evidence).